FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

00 APR 18 AM [...]
U.S. DISTRICT COURT
N.D. OF ALABAMA

SHARLENE HELMS,              }
                             }
    Plaintiff,                }
                             }       CIVIL ACTION NO.
v.                           }
                             }       00-AR-0914-J
COUNTRY ESTATE HOMES, et al., }
                             }
    Defendants.              }
                             }

ENTERED
APR 18 2000

## MEMORANDUM OPINION

The court respectfully disagrees with the strange and strained position taken by defendant, Pioneer Housing Systems, Inc., in response to the order to show cause entered on April 11, 2000.

The existence of removal jurisdiction depends on the procedural facts existing at the time the state court complaint is filed unless the requisite jurisdictional facts later appear for the first time at the instance of the plaintiff. See *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 109 S. Ct. 2218 (1989). The burden of proving a basis for subject matter jurisdiction is on the removing defendant, and the federal jurisdictional statutes are construed strictly against the removing defendant. If the position of the removing defendant in this case were adhered to, 28 U.S.C. § 1447(e) would make no sense whatsoever. That provision reads as follows:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter



>   jurisdiction, the court may deny joinder, or permit joinder
>   and remand the action to the State court.

There can logically be no difference between adding a non-diverse defendant after removal, thus destroying diversity jurisdiction and requiring remand, and naming a non-diverse defendant in the first place and thus prohibiting removal in the first place.

It is no wonder that the removing defendant here is unable to cite a single Eleventh Circuit case or a single Supreme Court case in support of the removal of this case during what it erroneously thought was a lucky "window of opportunity" before the effectuation of service on the non-diverse defendant.

A separate order of remand will be entered.

DONE this __18th__ day of April, 2000.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE